## DAVIS SEWING MACHINE COMPANY *v.* RICHARDS
## & Another.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued November 10, 11, 1885.—Decided December 7, 1885.

An agreement in writing between a manufacturing corporation and its agent
for a certain district, by which it agreed to sell him its goods at certain
prices, and he agreed to sell the goods and pay 't those prices, was signed
by the agent. A guaranty of his future performance of his agreement was
signed by another person on the same day, and delivered by the guarantor
to the agent. The agreement and guaranty were delivered by the agent to
an attorney of the corporation, who two days afterwards wrote under the
guaranty his certificate of the sufficiency of the guarantor, and forwarded
the agreement and guaranty to the corporation, which thereupon signed the
agreement, but gave no notice to the guarantor of its signature of the
agreement or acceptance of the guaranty. *Held,* That the contract of
guaranty was not complete, and the guarantor was not liable for the price
of goods sold by the corporation to the agent and not paid for by him.

This was an action, brought in the Supreme Court of the
District of Columbia, upon a guaranty of the performance by
one John W. Poler of a contract under seal, dated December
17, 1872, between him and the plaintiff corporation, by which
it was agreed that all sales of sewing machines which the cor-
poration should make to him should be upon certain terms and
conditions, the principal of which were that Poler should use
all reasonable efforts to introduce, supply and sell the machines
of the corporation, at not less than its regular retail prices,
throughout the District of Columbia and the counties of Prince
George and Montgomery in the State of Maryland, and should
pay all indebtedness by account, note, indorsement or other-
wise, which should arise from him to the corporation under

the contract, and should not engage in the sale of sewing machines of any other manufacture; and that the corporation, during the continuance of the agency, should sell its machines to him at a certain discount, and receive payment therefor in certain manner; and that either party might terminate the agency at pleasure.

The guaranty was upon the same paper with the above contract, and was as follows:

"For value received, we hereby guarantee to the Davis Sewing Machine Company of Watertown, N. Y., the full performance of the foregoing contract on the part of John W. Poler, and the payment by said John W. Poler of all indebtedness, by account, note, indorsement of notes (including renewals and extensions) or otherwise, to the said Davis Sewing Machine Company, for property sold to said John W. Poler, under this contract, to the amount of three thousand ($3000) dollars. Dated Washington, D. C., this 17th day of December, 1872.

"A. ROTHWELL.

"A. C. RICHARDS."

Under the guaranty were these words: "I consider the above sureties entirely responsible. Washington, December 19, 1872.  J. T. STEVENS."

At the trial the above papers, signed by the parties, were given in evidence by the plaintiff, and there was proof of the following facts: On December 17, 1872, at Washington, the contract was executed by Poler, and the guaranty was signed by the defendants, and the contract and guaranty, after being so signed, were delivered by the defendants to Poler, and by Poler to Stevens, the plaintiff's attorney, and by Stevens afterwards forwarded, with his recommendation of the sureties, to the plaintiff at Watertown in the State of New York, and the contract there executed by the plaintiff. The plaintiff afterwards delivered goods to Poler under the contract, and he did not pay for them. The defendants had no notice of the plaintiff's execution of the contract or acceptance of the guaranty, and no notice or knowledge that the plaintiff had furnished

any goods to Poler under the contract or upon the faith of the guaranty, until January 1875, when payment therefor was demanded by the plaintiff of the defendants, and refused. At the time of the signing of the guaranty, the plaintiff had furnished no goods to Poler, and the negotiations then pending between the plaintiff and Poler related to prospective transactions between them.

The court instructed the jury as follows: "It appearing that, at the time the defendants signed the guaranty on the back of the contract between the plaintiff and Poler, the plaintiff had not executed the contract or assented thereto, and that the contract and guaranty related to prospective dealings between the plaintiff and Poler, and that subsequently to the signing thereof by the defendants the attorney for the plaintiff approved the responsibility of the guarantors and sent the contract to Watertown, N. Y., to the plaintiff, which subsequently signed it, and no notice having been given by the plaintiff to the defendants of the acceptance of such contract and guaranty, and that it intended to furnish goods thereon and hold the defendants responsible, the plaintiff cannot recover, and the jury should find for the defendants."

A verdict was returned for the defendants, and judgment rendered thereon, which on exceptions by the plaintiff was affirmed at the general term, and the plaintiff sued out this writ of error, pending which one of the defendants died and his executor was summoned in.

*Mr. James G. Payne* for plaintiff in error cited *Whitney* v. *Groot*, 24 Wend. 82; *Union Bank* v. *Costar*, 3 Comst. 203; *Mitchell* v. *McCleary*, 42 Maryland, 374; *Caton* v. *Shaw*, 2 Har. & Gill, 13; *Nabb* v. *Koontz*, 17 Maryland, 283, 288; *Case* v. *Howard*, 41 Iowa, 479; *Carman* v. *Elledge*, 40 Iowa, 409; *Bushnell* v. *Church*, 15 Conn. 406; *Davis Sewing Machine Co.* v. *Jones*, 61 Missouri, 409; *Wadsworth* v. *Allen*, 8 Grattan, 174, 178; *Mathews* v. *Chrisman*, 12 Sm. & Marsh. 595; *Sanders* v. *Etcherson*, 36 Geo. 404.

*Mr. W. A. Cook* and *Mr. C. C. Cole* for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court. After stating the facts in the language above reported, he continued:

The decision of this case depends upon the application of the rules of law stated in the opinion in the recent case of *Davis* v. *Wells*, 104 U. S. 159, in which the earlier decisions of this court upon the subject are reviewed.

Those rules may be summed up as follows: A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor, without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract.

The case at bar belongs to the latter class. There is no evidence of any request from the plaintiff corporation to the guarantors, or of any consideration moving from it and received or acknowledged by them at the time of their signing the guaranty. The general words at the beginning of the guaranty, "value received," without stating from whom, are quite as consistent with a consideration received by the guarantors from the principal debtor only. The certificate of the sufficiency of the guarantors, written by the plaintiff's attorney under the guaranty, bears date two days later than the guaranty itself. The plaintiff's original contract with the principal debtor was not executed by the plaintiff until after that. The guarantors had no notice that their sufficiency had been approved, or that their guaranty had been accepted, or even that the original contract had been executed or assented to by the plaintiff, until long afterwards, when payment was demanded of them for goods supplied by the plaintiff to the principal debtor. *Judgment affirmed.*