(4 App. Div. 24.)

NILES TOOL-WORKS CO. v. REYNOLDS.

(Supreme Court, Appellate Division, First Department. April 17, 1896.)

1. EVIDENCE—CONVERSATIONS—RES GESTÆ.
    In an action by the seller of goods to recover on an alleged guaranty of payment of the purchase given by defendant, conversations between the seller's salesman and the buyer, after the delivery of the goods to the buyer, are not admissible.

2. GUARANTY—ACCEPTANCE TO BIND GUARANTOR.
    A guaranty absolute in form does not require notice of acceptance to bind the guarantor.

Appeal from circuit court, New York county.

Action by the Niles Tool-Works Company against William V. Reynolds on a guaranty. Judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. G. N. Vermilyea, for appellant.
I. D. Fessenden, for respondent.

VAN BRUNT, P. J. The notice of appeal containing the statement that an appeal is taken from the denial of the motion for a new trial made herein. There does not seem to have been any order entered upon such motion, and there is nothing brought up by the attempted appeal from the ruling upon the trial. This action was brought to recover upon an alleged guaranty given by the defendant. It was claimed upon the part of the plaintiff that the defendant guarantied the purchase by one Wright of a compressor, at the agreed price of $625. The complaint alleged that the goods were delivered in reliance upon the guaranty, and that Wright had refused to pay; that notice of his failure to pay was given to the defendant prior to the commencement of the action, and demand of payment made upon him, but that he had neglected to pay. The defendant denied the incorporation of the plaintiff and the sale and delivery of the goods, and alleged that the plaintiff had failed to notify him of any acceptance of his offer of guaranty, and that,

therefore, no contract of guaranty ever took effect between the plaintiff and the defendant.

Upon the trial it appeared that, on Wright's making application to purchase, he offered to obtain a guarantor; that an order was prepared and signed by Mr. Wright, which he took to the defendant, who added the words: "I hereby guaranty the above purchase," and signed the guaranty. The paper was brought back, and delivered to one of the officers of the plaintiff, who said he would accept it if Reynolds' financial standing was all right. Some 10 or 15 days afterwards, the compressor was delivered to Wright, and he not having paid therefor, this action was brought against the defendant upon his guaranty.

It is claimed that the court erred, during the progress of the trial, in excluding evidence upon the part of Wright, the purchaser of the compressor, as to what took place between him and the salesman who sold the goods to him, sometime after the delivery of the same, and the completion of the transaction, as far as the sale and delivery were concerned. The evidence clearly showed that the transaction was a sale and delivery, and no conversation that the salesman might have had with Wright afterwards could in any way affect the relations of the parties.

But it is to be further observed that, when the question was asked, the court was not at all informed as to the object of the inquiry, and there was nothing which could indicate its purpose. In order that objections may be made available, it is necessary that the court should have some reason to see the relevancy of the testimony. A further answer to the objection is that it appears that, almost immediately after, the witness was permitted to state the conversation which had apparently been excluded, and this would necessarily cure any error, if any had been committed.

It is further urged that the defendant could not be held, because no notice was given to him of the acceptance of the guaranty. The guaranty was absolute in form, and it required no acceptance. Bank v. Phelps, 86 N. Y. 484. It is true that in the case cited the court held that there was sufficient to show a notice, but attention is called to authorities holding that, in the case of an absolute guaranty, notice of acceptance is not required. Id. 493. The case of Sewing Mach. Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. 173, is in no way in conflict with this rule. All that that case decides is that, where the guaranty is signed by the guarantor prior to negotiations for a guaranty by the party to whom the same is to be given, then notice of acceptance is necessary, because the guarantor is entitled to know of the assent of the party receiving the guaranty to the contract. In the case at bar, however, the guaranty is presumed to have been executed at the request of the plaintiff. It wanted security for the goods. The purchaser said he would get the guaranty, and he got it, and delivered it to the plaintiff. The guaranty was absolute, as already stated, and no notice of acceptance was required. The judgment should be affirmed, with costs. All concur.