## T. & H. Smith & Co. v. Thesmann.

No. 1888, Okla. T.   Opinion filed February 3, 1908.

(93 Pac. 977.)

1.   **EVIDENCE—Parol—Admissibility to Explain Writing.** In the absence of misrepresentation, fraud, or deceit, a party to a transaction is bound by the writing evidencing the agreement, though he was in fact ignorant of its contents; but, where the signature to the agreement is induced by the misrepresentations of the other party as to its contents, and the signer was ignorant thereof, he may introduce parol evidence of contemporaneous acts, declarations, and conversations to show the true nature of the agreement.

2.   **GUARANTY—Construction—Offer of Guaranty—Distinguished.** An indorsement, reading as follows: "For value received, and for the purpose of inducing S. & Co. to approve of this contract,

T. & H. Smith & Co. v. Thesmann.

I hereby guarantee to said S. & Co. the payment in lawful money of all claims arising and of any notes taken under within contract and hereby waive demand, notice of non-payment and protest and consent that S. & Co. may vary in any way the time of payment or method of settling accounts arising under within contract without affecting my liability as guarantor,"— where made and executed by F. T. upon an order for merchandise from D. H. to S. & Co., which order contained a condition that it should not be a complete and binding contract until approved by S. & Co., and where said order was not approved by S. & Co., until six days after the execution of said indorsement, held, in legal effect, to be an offer of guaranty, and not an absolute guaranty.

3,     SAME—Acceptance of Offer—Notice. An offer or proposal of guaranty does not become a binding obligation upon the guarantor until such offer or proposal has been accepted by the guarantee, and notice of his acceptance given the guarantor.

(Syllabus by the Court.)

*Error from the District Court, Garfield County; before James K. Beauchamp, Judge.*

Action by T. & H. Smith & Co. against Frank Thesmann on agreement of guaranty. Judgment for defendant and plaintiff brings error. Affirmed.

*J. M. Dodson* and *Guy S. Manatt,* for plaintiff in error.

HAYES, J. On July 29, 1899, D. H. Tessman, who then resided at Henderson, Neb., made, executed, and delivered to plaintiff T. & H. Smith & Co., a corporation, with its place of business at Pekin, Ill., a certain written order and contract for goods, which order was delivered to R. C. Stephens, the agent of the plaintiff, and which order is a follows:

"Henderson, Neb. 9-29-1899.
"T. & H. Smith & Co., Pekin, Ill.:

"Please ship at once, or as soon thereafter as possible, the following goods:

| No. of Jobs | Size | Depth of Box | Tire | Style Brake | Price |
|---|---|---|---|---|---|
| 20 | 3 1-4 | 26 | R | B | |
| | | 8 | | | $45.50 |
| 25 Slip tops | | 112 | F. O. B. Pekin. | | 1.50 |
| 6 boxes | | | | | |

"Remarks:

"A cash discount of $3.00 is to be given on each wagon paid for in cash.

"Conditions on back hereof accepted as part of this contract.

"Undersigned agrees to remit New York or Chicago Exchange within four months from date of invoice for above goods at prices specified unless settled for within thirty days from date of invoice by his or their notes payable in 3, 6 and 9 months, with exchange and collection charges and interest at 8 per cent, per annum from date.

"[Signed]                              D. H. TESSMAN.

"Approved August 5, 99.

"[Signed]              ·        T. & H. SMITH & Co., by H. V.

"Order taken by C. R. STEPHENS."

On the back of this contract are nine conditions referred to in the contract  The fifth of these conditions is as follows:

"This order does not become a complete and binding contract until it has been approved at the office of T. & H. Smith & Co., in Pekin, Ill., and no allowance or credits of any nature will be made in settlement, except by T. & H. Smith & Co. at its office in Pekin, Ill.,"

Indorsed on this contract is the following agreement signed by Frank Thesmann, a brother of D. H. Tessman:

"Guaranty. For value received and for the purpose of inducing T. & H. Smith & Co. to · approve of this contract, I hereby guarantee to said T. &. H. Smith & Co the payment in lawful money of all claims arising and of any notes taken under within contract and hereby waive demand, notice of non-payment and protest and consent that T. & H. Smith & Co. may vary in any way the time of payment or method of settling accounts arising under within contract without affecting my liability as guarantor."

Under the above order plaintiff shipped to the defendant, D. H. Tessman, goods, wares, and merchandise, and for a part of the same D. H. Tessman on August 20, 1900, executed to the plaintiff in error three promissory notes, each for the sum of $325, payable at different dates, and bearing interest at the rate of 10 per cent. per annum, leaving the sum of $10.50 due on open account by said defendant in error, for which amounts plain-

tiff in error brought this suit against D. H. Tessman on the contract, notes, and open account and against the defendant in error, Frank Thesmann, on said alleged guaranty.

The facts set out above are substantially as alleged in the plaintiff's petition.

Defendant, Frank Thesmann, filed his separate answer to the plaintiff's petition, and denied all of the allegations contained in said petition, and further answered that on the 29th day of July, 1899, plaintiff, through its agent, R. C. Stephens, requested him to sign the written statement, the contents of which the said R. C. Stephens represented and stated were that D. H. Tessman was a business man, worthy of credit, and the defendant in error further pleaded in his answer that R. C. Stephens made other false and fraudulent representations to him to induce him to sign said statement; that he, the defendant in error, is a German, unacquainted with the English language, and cannot understand or comprehend an ordinary conversation unless it is in the German language, and that of this the said R. C. Stephens had knowledge at the time; and that by said divers false representations said R. C. Stephens obtained his signature to the alleged contract of guaranty set out in plaintiff's petition. Defendant pleads several other matters in defense of plaintiff's action; but it is not necessary to our consideration of this case to repeat them here.

Plaintiff filed a general and special demurrer to the separate answer of the defendant, Frank Thesmann, and also a motion to strike out certain paragraphs of said answer, both of which were overruled by the court. Thereupon a jury was waived by both parties, and the cause was tried before the court. The court rendered judgment in favor of the defendant.

Plaintiff in error makes eight asignments of error. Of these only the third, fourth, and fifth assignments have sufficient merit to demand the consideration of this court.

The third assignment of error is that the court erred in admitting parol testimony to contradict and vary the terms of the al-

leged written guaranty. One of the defenses pleaded by defendant in his answer was that he was unable to read the English language, and that he signed the alleged guaranty on the representations of the plaintiff in error made by R. C. Stephens, its agent, that said alleged guaranty was for the purpose of recommending to the plaintiff the character and reputation of D. H. Tessman, and was not for the purpose of creating any liability or obligation against him, and that he relied upon said false and fraudulent representations made by said R. C. Stephens, and was induced thereby to sign said alleged guaranty. It is a general rule of evidence that parol testimony is not admissible to contradict or vary the terms of a written contract, but parol testimony is always admissible for the purpose of invalidating a written instrument, the execution of which was secured by fraud, or by misrepresentations as to the contents thereof upon which the party injured thereby had a right to rely. 17 Cyc. 695; *Bank of Guntersville v. Webb & Butler*, 108 Ala. 132, 19 South. 14; *McKesson v. Sherman et al.*, 51 Wis. 303, 8 N. W. 200. Since defendant in error had pleaded in his answer that he had been induced by fraud and fraudulent representations to excute said alleged guaranty, the court did not commit error in admitting parol testimony for the purpose of proving whether such misrepresentations as to the contents of said contract were made by the plaintiff in order to induce the execution of the same by the defendant, Frank Thesmann.

The substance of the fourth, fifth, and sixth assignments of error is that the court erred in holding that the contract of guaranty did not become binding upon the guarantor, Frank Thesmann, without notice of the acceptance thereof to him by the plaintiff in error, and in rendering judgment in favor of the defendant in error. The defendant in error has filed no brief, and nothing in the record discloses upon what theory the trial court rendered judgment for the defendant in error other than is set out in the fifth and sixth assignments of error, and in the brief of the plaintiff in error. In those assignment of error, and in the

brief of plaintiff in error it is complained that the court held that, before the plaintiff could recover in the action, it had to prove that Frank Thesmann was notified that plaintiff accepted his guaranty on the order of D. H. Tessman.

The uncontradicted evidence in the case is that on the day that D. H. Tessman signed the order to T. & H. Smith & Co. he and R. C. Stephens, the agent of the said company, went to the farm of defendant, Frank Thesmann, near the town of Henderson, Neb., and defendant was asked by them to sign the guaranty indorsed on said contract. The evidence establishes that Frank Thesmann is a German, unable to read the English language or to write, and that his use of the English language is very broken; and there is some evidence that misrepresentations were made to him by the said R. C. Stephens to procure his signature to the contract of guaranty; but the testimony about the circumstances under which the contract was signed and the conversation at the time was very brief. The only evidence relative thereto is the testimony of the defendant, Frank Thesmann. He testified that his brother and Stephens came to his place on that day and asked him to sign the paper; that no explanation was made, except that it had to be signed by him, so that his brother, David, could handle goods. There is no evidence in the record that Stephens represented that, if defendant signed said guaranty, the goods would be shipped in accordance with the order, nor is there any evidence that Stephens had authority to make any contract for plaintiff with said D. H. Tessmann or the defendant, Frank Thesmann. There is no evidence that the plaintiff in error, through Stephens or any one else, had stated to D. H. Tessman or to Frank Thesmann that the goods described in said order would be shipped to D. H. Tessman in accordance with said order upon the receipt of the guaranty of the defendant in error, or that, upon the receipt of such guaranty, said order would be approved; but it clearly appears from the conditions recited in said order that such was not the understanding between Stephens and D. H. Tess-

man and Frank Thesmann, for the reason that the order contains the provision that it should not be binding until approved by T. & H. Smith & Co., and the guaranty signed by Frank Thesmann states specifically that it is made for the purpose of inducing the plaintiff to approve said contract.

It is a settled rule of law of the Supreme Court of the United States that, before a guarantor is bound by any offer of guaranty, the guarantee must have accepted the offer of guaranty, and the guarantor received notice of such acceptance; and the same rule prevails in nearly all of the state courts. There is no little confusion and what appears to be contradiction in the decisions of many of the state courts, but most of this confusion, and what appears to be conflict of authorities, result from the courts construing very similar instruments in some cases to be offers of guaranty and in other instances as being absolute guaranties, or completed guaranty contracts. The Supreme Court of the United States, in construing an instrument similar to the alleged guaranty in this case, in the case of *Davis Sewing Machine Co. v. Richards*, 115 U. S. 524, 6 Sup. Ct. 173, 29 L. Ed. 480, summed up the rules of law governing that court as follows:

"A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract; but if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal 'debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

There is no contention in the case at bar, and can be none under the facts disclosed by the testimony, that there was any mutual assent of the parties to the alleged guaranty at the time of the ex-

ecution of the same by the defendant, Frank Thesmann. There is no evidence that any valuable consideration passed from the plaintiff to Frank Thesmann at the time of its execution. The instrument itself acknowledged no receipt by the guarantor of any valuable consideration from the guarantee. . It is true that in said alleged guaranty the words "for value received" appear; but it is not stated from whom such valuable consideration is received, and, as held by the court in *Davis Sewing Machine Co. v. Richards, supra,* this phrase is as susceptible of the construction that such valuable consideration was received by the guarantor, Frank Thesmann, from D. H. Tessman, the principal debtor, as it is of the construction that the consideration was received from the guarantee. There is no evidence that plaintiff agreed at the time of the execution by Frank Thesmann of the guaranty that it would accept the order of D. H. Tessman on the guaranty of Frank Thesmann. The conditions of the contract and the terms of guaranty, on the other hand, clearly indicate and establish, in the absence of contrary evidence, that no such agreement was made at that time, for the reason that the order contains the condition that it was subject to the approval of the plaintiff; and upon the order, which was introduced in evidence in the case, is the approval of the plaintiff, dated several days after the execution of the guaranty of the guarantor; and in the guaranty is the recital that one of the purposes of the guarantor's executing the same was to induce the plaintiff to approve the contract. The guaranty was not made in consideration of past advances to the principal debtor; but in consideration of future advances to be made to him under the contract or order. It is contended by plaintiff in error, however, that such guaranty was signed by the guarantor, Frank Thesmann, upon the request of the plaintiff in error, and therefore no notice of acceptance was necessary. There is no evidence in the record that plaintiff in error requested the guarantor to sign the instrument, except the testimony of the defendant, Frank Thesmann, to the effect that on the day the order was executed by his brother, D. H.

Tessman, his brother and R. C. Stephens came to his place and requested him to sign the instrument, stating that it was necessary for him to do so in order that his brother could have credit and do business.

Defendant in his answer pleads as a defense to the action that plaintiff, through its agent, R. C. Stephens, requested him to sign the written statement, the contents of which were misrepresented to him by the agent of the plaintiff, and that the request of the plaintiff to sign said statement was not for the purpose of creating any liability or obligation to answer for the obligations of D. H. Tessman, and that by said false and fraudulent representations he was induced to sign the statement without knowing the contents thereof.. This clause of the defendant's answer, in our opinion, is not susceptible of the construction that defendant, Frank Thesmann, thereby admits he signed the agreement of guaranty involved in this action upon such a request of the plaintiff as would imply plaintiff's assent to the contract. The language of the order, and of the guaranty, and the uncontradicted testimony of Frank Thesmann in the trial of the case, all go to establish that the transaction between Stephens and Thesmann was that Stephens, as agent of the plaintiff in error, procured the order from D. H. Tessman, and accompanied D. H. Tessman to the home of Frank Thesmann, and sought to procure this guaranty for the purpose of inducing the ultimate acceptance of the order by plaintiff, without knowing whether plaintiff would accept it or not. The legal effect of the guaranty signed by defendant was, therefore, an offer or proposal of guaranty on the part of Frank Thesmann as guarantor, and notice of the acceptance thereof by the plaintiff to Frank Thesmann was necessary to his becoming bound as guarantor. All of the evidence is to the effect that no such notice was given or received by him.

It is therefore the opinion of this court that the action of the trial court in rendering judgment for the defendant, Frank Thes-

mann, was not error; and it is ordered by this court that the judgment of the lower court be affirmed.

All the Justices concur.