## The J. R. Watkins Medical Co. v. Brand, et al.

(Decided May 4, 1911.)

## Appeal from Graves Circuit Court.

1. Guaranty—Notice of Acceptance.—On an absolute guaranty, notice of acceptance is unnecessary.

2. Sureties—Signing Blank Bond Before Signed by Principal—Liability—The sureties signing a blank bond before it was signed by the principal, and delivering it to him to sign and return to the obligee, are bound when he so signed and delivered it, although the vice president of the obligee then put his name in a blank left for that purpose, and notice of acceptance was not given the sureties.

R. N. STANFIELD and TAWNEY, SMITH & TAWNEY for appellants.

ROBBINS & THOMAS and B. C. SEAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The J. R. Watkins Company had in its service R. L. High as a traveling salesman and took from him annually a bond for the faithful discharge of his duties. The last bond was executed on December 19, 1906, and High having failed to pay over to the company $705.04, which he had received for it under the bond, this action was brought by the company against A. L. Brand and G. R. Allen, who by a written endorsement on the bond guaranteed his faithfulness. The company's headquarters are at Winona, Minnesota. It mailed the bond to R. L. High at LaCenter, in Ballard County, Kentucky. He, without signing it, mailed it to a friend in Graves County to procure the signatures of Allen and Brand who lived there, and had signed his previous bonds. His friend took it to them and they signed it. He then returned it to High, who then signed it and returned it to the company. The company accepted the bond, but did not notify Allen and Brand thereof. They defended the suit on the ground that they were only guarantors, and were not bound as they had received no notice from the company that their guaranty was accepted. The circuit court sustained this defense and dismissed the petition. The plaintiff appeals.

The writing consists of three parts: The first is a statement of what the company shall do, and a promise by High to perform his part of the agreement printed on the back; at the end of this are printed these words as a signature "The J. R. Watkins Medical Company, by —————, President." Following this, and under it, High placed his name. Just under this are the words which Allen and Brand signed as follows:

"For and in consideration of the appointment of the above-mentioned traveling salesman, we hereby agree to be jointly and severally responsible to said The J. R. Watkins Medical Company, for the faithful performance of this contract on the part of said traveling salesman, (as outlined on the back of this agreement) and for the payment of any balance that may be due said company by him at the date of the acceptance of this contract."

"G. R. ALLEN, Mayfield, Ky.
"A. L. BRAND, Mayfield, Ky."

On the back of the agreement is a statement as to certain things that the salesman agrees to do and this also was signed by High. When Allen and Brand signed the paper there were no other signatures to it, and after High had signed it and returned it to the company the vice president wrote his name in the blank left for the president's. The circuit court seems to have based his judgment upon the case of Greer Machine Co. v. Sears, 23 R., 2025. In that case the Greer Machine proposed to C. B. Chandler to appoint him their agent to sell certain implements. The proposition was made upon a printed form used by the company. It contained among other things, a provision that it was not to be "binding until signed by the president of the Greer Machine Company." Chandler accepted the writing by an endorsement on it and on the same day Sears signed a writing guaranteeing that Chandler would comply with the contract. The paper was then sent to Knoxville, Tennessee, where it was approved by the president of the Greer Machine Company, and the contract closed. But Sears had no notice of this. It was held that he was not bound unless he knew the contract was accepted, that actual notice to him was unnecessary if he in fact knew the contract was accepted, or that Chandler had been appointed agent and the goods consigned to him under the

contract. But the ruling in that case is rested upon the peculiar language of the contract. The court said:

"In this case the contract was not completed at the time of the execution and delivery to the Greer Machinery Company of the writing signed by appellee. It expressly stipulated that it was not to be binding until signed by their president, and it was understood by all the parties that the contract was to be sent to appellant's president for his approval or rejection; and until signed by him it was not a contract at all. We think this stipulation makes the guaranty of appellee a conditional one, and that he was entitled to notice of his acceptance before liability attached."

There is no such language in the contract before us. A contract more like this was before us in White Sewing Machine Co. v. Powell, 25 R., 94. In that case the appellees executed to the machine company a written obligation by which they agreed to pay it any sums of money in which its agents, Willis & Willis, might become indebted to it. Suit was brought on the contract to recover of the sureties on account of an indebtedness of Willis & Willis to the company, and they insisted that they were only guarantors and were not bound as the company had failed to give them notice of its acceptance of the guaranty. The court held the defense not good; it said:

"The writing sued on shows an absolute guaranty on their part. In Vol. 14, A. & E. Enc. of Law, 2d Edition, 1141, it is said: 'An absolute guaranty is an unconditional promise of payment or performance on default of the principal. To bind the guarantor it is not necessary that there should be notice of acceptance of the guaranty or notice of the default of the principal, or that any step should be taken to enforce the contract guaranteed against the principal.'"

"No written contract is closed until it is executed and accepted. If appellees are not bound because they were not notified that appellant had accepted the contract, then such notice in every case is necessary, and the rule that notice is unnecessary in the case of an absolute guaranty has no application. The promise not being conditional, to hold that the rule does not apply to it is practically to repudiate the rule.

It is insisted, however, that the rule does not apply, because here the sureties signed the paper when there were no other signatures to it. But we can not see that the order in which the names were placed on the paper is material. The company sent the bond to High. When he had procured the signatures of his friends and added his own, he sent it back to the company. When the company received the paper from High it was not called upon to inquire in what order the names had been placed upon the paper. If it had simply accepted the paper as High returned it to it, and the vice president had not inserted his name in the blank left in it, the instrument would have been valid. The sureties when they signed the paper leaving blanks in it, by necessary implication gave authority for the filling of the blanks in the usual way, that is, it was implied when they signed the paper and returned it to High, that High was to sign it and return it to the company. When the company received it from High and accepted it, it became an absolute contract. There was no act to be done by the company before the obligation would become absolute. Appellees agreed by the paper for the consideration named to be responsible to the company for the faithful performance of the contract by High. It is an absolute guarantee of High's faithfulness. It is not a conditional contract, but an unconditional undertaking. The order in which the names were placed upon the paper in no wise affects its legal character. If High had signed the paper before he sent it to Allen and Brand and they had then signed it and returned it to him to return to the company, the legal effect of the transaction would be unchanged. The vice president's putting his name in the blank left for it was only to show the acceptance of the contract. If the contract had been accepted without his filling the blank, the effect would have been the same. High was notified of the acceptance of the contract, and received credit by virtue of it. He was the proper person to return it to the company; notice to the defendants of the acceptance of the absolute guaranty was unnecessary. On the facts found by the circuit court he should not have entered a judgment for the defendants.

Judgment reversed and cause remanded for further proceedings consistent herewith. If the evidence is the same on another trial, judgment should be entered in favor of the plaintiff.