## DAYTON RUBBER MFG. CO. OF DELAWARE v. SABRA et al.

Circuit Court of Appeals, Ninth Circuit. March 4, 1929.

Rehearing Denied April 4, 1929.

No. 5607.

Armstrong, Lewis & Kramer, of Phœnix, Ariz., for appellant.

Flanigan & Fields, of Phœnix, Ariz., for appellees.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is an action on a contract made in June, 1923, between the Dayton Rubber Manufacturing Company, and John Sabra, referred to therein as the "Factor," and Mrs. Sabra and George J. Wintermute, referred to therein as "Guarantors," effective when approved by the representative of the company at Dayton, Ohio. By the terms of the contract, the company agreed to ship to Sabra at Phœnix, Ariz., automobile tires for sale by him in the ordinary course of trade, at not less than invoice prices; the entire proceeds from such sales to be the property of the company, and to be kept by Sabra in a separate fund in trust for it, and cash to the amount of the invoice price to be remitted to it as each sale was made. The contract contains a stipulation that the Guarantors "hereby warrant and guarantee the faithful performance of this contract by the Factor and agree to hold themselves jointly and severally liable to the company for any damages occasioned by the defalcation, misappropriation or conversion by the Factor of the funds, moneys, property or merchandise belonging to or owing to the company." The contract was signed by all the parties and duly approved by the company.

Soon thereafter the company began furnishing the merchandise described in the con-

tract to Sabra, the Factor, and it so continued until the latter became indebted to it in the sum of approximately $9,000. Upon his failure to remit therefor, this action was brought against him and the so-called Guarantors.

The company gave evidence on the trial tending to show the amount of the obligation due it from Sabra for consigned goods and rested. On motion of the Guarantors, the court directed a verdict in their favor for the reason that the evidence did not show notice to them of the acceptance by the company of the contract. The company appeals.

The position of the appellant is that, although Mrs. Sabra and Wintermute are referred to in the contract as Guarantors, their obligation is in fact an original undertaking, and therefore notice to them of the acceptance of the contract was not required, while the appellees insist that their contract was collateral and amounted to nothing more than an offer or proposal on their part and not binding until accepted, and they so notified.

There is seemingly a wide divergence in the opinions of courts on the question thus presented, although it is perhaps more apparent than real. Deering & Co. v. Mortell, 21 S. D. 159, 110 N. W. 86, 16 L. R. A. (N. S.) 352. The legal principles involved are usually stated with substantial unanimity. The confusion arises from the application of these principles to the facts presented in the different cases. The difficulty is in construing the contract as entered into by the parties and determining whether it is an absolute or conditional undertaking. The use of technical words, such as "Surety" or "Guarantor," is not controlling. The nature of the obligation, whether primary or secondary, is the determining element. 28 C. J. 891. If the contract of the so-called Guarantor is in legal effect a mere offer or proposal on his part, an acceptance by the other party and notice thereof to the Guarantor is required to complete the contract. Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 S. Ct. 173, 29 L. Ed. 480. But where the contract is absolute in its terms and binds the Guarantor to pay unconditionally, or at all events upon default of the principal, no notice of acceptance is required; his liability being fixed and determined by the ordinary rules of the law of contracts. Davis v. Wells Fargo & Co., 104 U. S. 159, 26 L. Ed. 686; 28 C. J. 904.

The case at bar, in our opinion, belongs to the latter class. The instrument sued on is not a mere unaccepted proposal, but a completed contract. It was accepted by the appellant and bears on its face evidence that it was understood and intended by the

parties to be, on such acceptance, a complete and perfect obligation. There is but one contract. The appellees are bound with their principal in the identical contract under which the liability of the principal arose. Their contract was made at the same time, and jointly with the principal. They agree not only to warrant and guarantee the faithful performance of the contract by the principal, but to hold themselves "jointly and severally liable" to the appellant for any damages caused by the principal's defalcation, conversion, or misappropriation of its funds, moneys, or property. The contract is absolute in terms, definite as to the extent, and one which binds the appellees to pay unconditionally or at all events upon default of the principal, and therefore whether they be regarded as sureties or guarantors notice of acceptance was not necessary.

Judgment reversed.