## ABBOTT v. NATIONAL BANK OF COMMERCE OF TULSA.

No. 24741.    March 31, 1936.

Rehearing Denied April 21, 1936.

C. R. Thurlwell, for plaintiff in error.

Randolph, Haver, Shirk & Bridges for defendant in error.

PHELPS, J. This action was commenced in the district court of Tulsa county on August 23, 1932 by the National Bank of Commerce of Tu'sa, Okla., as plaintiff against Charles T. Abbott and E. W. Jacob to recover the principal sum of $3,343 35 with interest and attorney's fee. The action against Jacob was based upon a promissory note executed by him. The liability of Abbott was asserted to exist by reason of an alleged contract of guaranty executed by him.

The cause was submitted to a trial court without the intervention of a jury, and plaintiff prevai'ed against each of the defendants. The court, however refused to allow judgment for attorney's fee against the defendant Abbott on the guaranty. The defendant Abbott presents the case to the court for review on appeal, appearing herein as plaintiff in error. In this opinion we will refer to the parties in the order of their appearance before the trial court.

The principal question involved is whether notice of acceptance of the alleged contract of guaranty was necessary in order to hold the defendant Abbott as guarantor. The question is presented under the following state of facts:

In October of 1930 the defendant Jacob, who was then one of the vice presidents of the Exchange National Bank of Tulsa and drawing a sa'ary of $1 100 a month, was indebted to the plaintiff bank in the sum of $4,600, which indebtedness was evidenced by a promissory note bearing date of September 3, 1930 and due November 3, 1930. This note was secured by collateral which was then worth approximately the face of the note.

The plaintiff bank decided to require further security. In the transaction which followed, the bank was represented by Mr. T. P. Farmer, vice president, and Mr. J. H. McBirney president. On October 28, 1930, Mr. Farmer communicated with Mr. Jacob and requested a guarantor of the indebtedness due the plaintiff bank. According to the testimony of Farmer, the defendant Abbott was discussed as a possible guarantor, and the bank, through Mr. Farmer then offered in substance to extend the note if Abbott would guarantee the payment of the Jacob debt. This testimony was disputed by Jacob, who stated that the name of Abbott as possible guarantor was not mentioned and that the request of Farmer was that he (Jacob) procure a satisfactory and acceptable guarantor to sign the instrument which Farmer then prepared for and presented to Jacob. Later in the day Jacob saw Abbott and reques'ed that he sign the instrument previously prepared by Mr. Farmer. Abbott affixed his signature and returned the instrument to Jacob. The instrument thus executed was as fol'ows:

"National Bank of Commerce,
"Tulsa, Oklahoma. October 28, 1930.

"The National Bank of Commerce
"Tulsa, Oklahoma

"Gentlemen: In consideration of a renewal and extension of a certain note you hold in the sum of $4,600 dated September 3, 1930 and due November 2, 1930, signed by E. W. Jacobs as payor, and for other good and valuable considerations I do hereby guarantee the payment of said note or any extensions or renewals thereof, or note or notes taken in lieu thereof, and agree to pay said note, or renewal note or note taken in lieu thereof, within 30 days after demand is made upon me by you.

"It is agreed and understood that this guaranty covers only said sum of $4,600 and in-

terest and renewals or extensions of time of payment thereof and does not include any other or future advances made or to be made by you. (Sgd) Chas. T. Abbott."

Jacob then delivered the instrument to the plaintiff bank, which granted him an extension of the time of payment until January, 1931, or approximately two months. In December, 1931, or the spring of 1932 the plaintiff bank communicated with Abbott advising him that they were looking to him for payment of the debt. The collateral security given to secure the note was sold in 1932; the bank realized approximately $600 from the sale. This sum was credited on the debt, and, together with other credits, reduced the amount to the sum for which this action was brought.

The defendant Abbott insists that he should be relieved from liability by reason of the failure of the bank to notify him of the fact that the instrument of guaranty previously set out had been accepted by it. The merit of this contention depends upon whether the instrument is properly classified as a mere "offer of guaranty" or "absolute guaranty." If it was the former, notice of acceptance was essential; if the latter, such notice was unnecessary.

Our statute, section 9605, O. S. 1931, provides:

"A mere offer to guaranty is not binding, until notice of its acceptance is communicated by the guarantee to the guarantor; but an absolute guaranty is binding upon the guarantor without notice of acceptance."

Also section 9610, O. S. 1931, provides that:

"A guaranty is to be deemed unconditional, unless its terms import some condition precedent to the liability of the guarantor."

A careful reading of the guaranty in the instant case fails to reveal any condition precedent whatever, and under the rule laid down in Masters v. Boyes, 44 Okla. 526, 145 P. 363 and Swift & Co. v. Colvert, 127 Okla. 80, 259 P. 844, we can reach no other conclusion than that the instrument in question was an unconditional guaranty, and a default in payment rendered the guarantor liable. In Oklahoma City National Bank v. Ezzard, 58 Okla. 251, 159 P. 267, we said:

"Where a guaranty is made in response to an offer by the guarantee, its delivery to the guarantee completes the contract, and notice of its acceptance by the guarantee and of an intention to act thereunder is not necessary"

—and in Miller v. Oil Well Supply Co., 79 Okla. 135 191 P. 1094, in the second paragraph of the syllabus we said the same thing.

The two cases last above cited seem to cover the instant case exactly.

It is suggested in the brief of the plaintiff in error that there was no consideration for the guaranty and that there was a lack of diligence on the part of plaintiff in presenting its claim against Mr. Jacob. Under the rule laid down by this court in Stuart v. Edwards, 84 Okla. 207, 202 P. 1032, the trial court committed no error in taking the opposite view.

The judgment of the trial court is therefore affirmed.

McNEILL C. J., OSBORN, V. C. J., and CORN and GIBSON, JJ., concur.

BUSBY, J. (dissenting). I am unable to concur in the legal reasoning by which a majority of my associates arrive at the conclusion announced in this case.

It is undisputed in this case that notice of acceptance of the instrument herein involved (whether it be a "mere offer of guaranty" or an absolute guarantee) was not given by the National Bank of Commerce of Tulsa (guarantee) to Charles T. Abbott (the guarantor). The whole question in this case is whether such notice of acceptance was necessary. That, in turn, depends upon whether there was a "mere offer of guaranty" or an "absolute guarantee," notice being required by statute in case of the former. Section 9605, O. S. 1931.)

The majority opinion proceeds upon the theory that because the instrument signed is couched in unconditional terms it is an absolute guarantee. It is said:

"A careful reading of the guaranty in the instant case fails to reveal any condition precedent whatever, and under the rule laid down in Masters v. Boyes 44 Okla. 526, 145 P. 363, and Swift & Co. v. Colvert, 127 Okla. 80, 259 P. 844, we can reach no other conclusion than that the instrument in question was an unconditional guaranty and a default in payment rendered the grantor liable."

It would thus seem that a majority of my associates have concluded that the term "absolute guaranty" is synonymous with "unconditional guaranty." and that when an instrument of guaranty is unconditional on its face, it is absolute. Respectable authority in other states so holds. For instance, such is the Kentucky view (Watkins Medical Co. v. Brand, 143 Ky. 468, 136 S. W. 867, 33 L. R. A. [N. S.] 960). But the Supreme Court of the United States on an almost identical and equally unconditional instrument has held directly opposite (Davis Sewing Machine Co. v. Richards, 29 L. Ed. 480). An absolute

guaranty was therein held, in substance, to mean a completed contract. Further reference to these opinions will be subsequently made.

The difficulty with adopting and applying the Kentucky rule at this date is that we have previously committed ourselves to the opposing or federal view. T. & H. Smith & Co. v. Thesmann. 20 Okla. 133, at page 139, 93 P. 977. We should either adhere to the view adopted in that case or frankly overrule the same. A casual observation of the instrument of guaranty involved in the Thesmann Case will reveal that it, like the instrument now before us, is entirely free from conditions.

In this connection it is pertinent to observe that neither of the cases (Masters v. Boyes and Swift & Co. v. Colvert) cited as controlling authority in the majority opinion, relates to the question now before us. Masters v. Boyes deals with a **notice of default,** not a notice of acceptance of guaranty. The questions before the court in Swift & Co. v. Colvert are stated in the body of the opinion in that case (see first column of page 81, 127 Okla. Rep.), and none of them concern the necessity of a notice of acceptance of guaranty. Neither of the cases commits us to what may be called the Kentucky view, as opposed to the federal view.

I propose to view the facts in the light of the law as previously pronounced by this court, for the purpose of demonstrating what appears to me to be the inconsistency of the conclusion announced when viewed in connection with our past decisions. In considering the facts as stated in the majority opinion it is important to observe that the testimony is undisputed that the offer of the bank to accept Abbott as guarantor, if made, was never communicated to Abbott, who was not present at the time of the conversation. It is also to be observed that when the bank approved the instrument herein involved **it did not notify the guarantor, Abbott, that it had accepted the guaranty or offer of guaranty.** Its first notice to Abbott was in December, 1931, or the spring of 1932, when it advised him that it was looking to him for payment of the debt. In the meantime Jacob had lost his position as vice president of the Exchange National Bank and the collateral security given to secure the note had depreciated in value, until, when it was sold in 1932 the bank realized only approximately $600 from the sale. This sum, when credited on the debt, together with other credits, reduced the amount to the sum for which this action was brought.

The legal question then is: Did the failure of the bank to give notice to Abbott of its acceptance of the instrument of guaranty prevent Abbott from becoming liable to the bank for the debt of Jacob?

The courts of the various jurisdictions are in practical accord that, even in the absence of statutory provision, notice of acceptance of a mere offer of guaranty is required in order to bind the guarantor. Two reasons are given for this requirement. The first is that an offer of guaranty does not constitute a complete contract and is not complete until the party making the offer has been notified of its acceptance, when the minds of the parties meet and the contract is said to have been made. The other is that the party making the offer is entitled to know whether or not there has been an acceptance of the offer in order that he may be aware of his responsibility and regulate his course of conduct towards the principal debtor in such a manner that he may avoid suffering a loss on the guaranty. The difficulty arises in determining whether a given transaction constitutes a mere offer of guaranty or an absolute guaranty within the meaning of the statute. There is a great diversity of opinion among the adjudicated cases as to what constitutes an offer of guaranty as distinguished from an absolute guaranty. The tests announced are numerous and conflicting and the cases from the different jurisdictions cannot be reconciled. The existing confusion will be emphasized by pursuing the inquiry suggested in the following copious annotations: 16 L. R. A. (N. S.) 353; 33 L. R. A. (N. S.) 960; 48 L. R. A. (N. S.) 198; 105 A. S. R. 514.

The conflict among the authorities has been recognized by the leading texts upon the subject. Stearns on the Law of Suretyship (4th Ed. 1934), page 77, par. 74, et seq.; Arant on Suretyship, page 64. It was judicially observed at an early date in this jurisdiction. T. & H. Smith & Co. v. Thesmann, 20 Okla. 135, at page 139, 93 P. 977. Illustrative of the difference of opinion, the Kentucky court, as previously mentioned, has said that if the promise contained in the instrument is unconditional, the instrument is an absolute guaranty, even prior to acceptance, and no notice of acceptance need be given. Watkins Medical Co. v. Brand, supra. It was held in that case that an unaccepted instrument containing an unconditional promise constituted an absolute guaranty as distinguished from an offer of guaranty. Directly contrary to the view expressed by the Kentucky court is that entertained by the Supreme Court of

the United States, which court, as previously stated in this dissent, in construing an instrument of guaranty identical in all essential respects with that considered by the Kentucky court and containing an unconditional promise, declared the same to be a mere offer of guaranty requiring an acceptance. Davis Sewing Machine Co. v. Richards, supra. In that case the highest court of our land stated the principles governing the distinction under consideration in the following language:

"Those rules may be summed up as follows: A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

The view thus expressed is sometimes known as the federal view. Stearns on Suretyship (4th Ed.) page 80. And although this view has not been sanctioned in all jurisdictions, it has been adopted in this state. Smith & Co. v. Thesmann, supra.

Thus a contract of guaranty in common with other contracts requires mutual assent of the parties which arises from the acceptance of an offer. Oehler v. Cawley. 105 Okla. 59 231 P. 539. Of course, an offer may be made in such a way as to contemplate that it may be accepted by the performance of an act. In this connection, however, it is to be observed that the statute does not require that the notice shall constitute the act of acceptance, but requires that the acceptor, if he be the guarantee, shall notify the guarantor of the acceptance. In other words, though an offer may be acceptable by an act, the statute requires, in addition to the act of acceptance, that notice be given to the offeror when an offer of guaranty is involved.

Our statute (sec. 9605, supra) was adopted from Dakota. Both North and South Dakota still have the same statute, and while the views of the courts of last resort of those two states are not necessarily conclusive or binding upon this court, they are highly persuasive. It has been held in both jurisdictions that "the true test * * * in determining whether a guaranty is in fact an offer of guaranty or an absolute guaranty is whether there is this mutual assent." Standard Sewing Machine Co. v. Church, 11 N. D. 420, 92 N. W. 805; Wm. Deering & Co. v. Mortell (S. D.) 110 N. W. 86, 16 L. R. A. (N. S.) 353.

Mutual assent arises from an accepted offer. Of course, the offer may be made by a creditor as well as the guarantor, and if so made and communicated to the guarantor, the execution of the instrument of guaranty by the latter may constitute the acceptance and complete the contract, making the guaranty absolute and dispensing with the necessity of notice. Oklahoma City Nat. Bank v. Ezzard, 58 Okla. 251, 159 P. 267. This case is cited in the majority opinion as one of importance in deciding the case at bar, but it is clearly distinguishable. In the cited case there was, as is stated in the body of the opinion, a communication of the offer to the offeree, whereas in the case at bar the offer was not so communicated. The majority opinion overlooks this important distinction.

The plaintiff bank asserts that the judgment of the trial court in this case may be sustained on the theory that the execution of the instrument of guaranty by the defendant Abbott constituted the acceptance of an offer previously made by the bank to accept him as guarantor. The fallacy of this argument arises from the fact that such offer, if, in fact, made by the bank, was, according to the undisputed evidence in this case, never communicated to the defendant Abbott. One cannot be said to accept an offer which has never been communicated to him. 13 C. J. 65. To say otherwise would permit contracts to come into existence without a meeting of the minds of the parties.

The only consideration for the execution of the instrument of guaranty involved in this case, according to the undisputed evidence, was the subsequent extension of the time of payment by the bank for the benefit of the principal debtor. To paraphrase the language of the Supreme Court of the United States, we have before us a guaranty signed by the guarantor without a previous request made to him by the other party and in the absence of the guarantee for no consideration moving between them except future extensions of time of payment to be made to the principal debtor. The guaranty involved is therefore in legal effect an offer or proposal on the part of the guarantor requiring an acceptance on the part of the bank to complete the contract. Being an offer of guar-

anty as distinguished from an absolute guaranty or completed contract, notice of acceptance was essential in order to hold the guarantor. T. & H. Smith & Co. v. Thesmann, supra.

The possibility that an instrument of guaranty executed pursuant to a previous request by the party extending the credit may be treated as an absolute guaranty on the theory that the execution of the instrument constitutes the acceptance of an offer is not satisfied by the mere fact that the creditor requested that the debtor procure somebody to act as guarantor, since, in that case, the creditor is not bound to extend the credit unless the guarantor is acceptable to him, and the contract is not completed until the creditor accepts the guarantor. T. & H. Smith & Co. v. Thesmann, supra; Davis Sewing Machine Co. v. Richards, supra.

It has been held in connection with contracts of guaranty that when the instrument of guaranty recites a consideration from the creditor other than the credit to be extended and acknowledges the receipt thereof, the instrument is sufficient evidence of the mutual assent of the parties. Davis v. Wells Fargo & Co. (U. S.) 26 L. Ed. 686. This rule, however, cannot be applied to the case at bar for the reason that the instrument, although it recites the consideration, does not acknowledge the receipt of any consideration, either the extension of credit to the principal debtor or some other and independent consideration. Furthermore the evidence in this case conclusively establishes that at the time the instrument was executed by the guarantor the extension of time had not been granted the principal debtor.

There is no evidence in the record in this case which reasonably tends to establish that the guarantor had actual knowledge of the fact that his offer of guaranty had been accepted prior to the time he was called upon for payment. We therefore should not excuse the failure to give notice upon the theory that the guarantor had actual notice.

I therefore conclude that under the prior decisions of this court an "absolute guaranty" is a "completed contract." We should either adhere to that view and reverse this case for want of notice, or frankly overrule the cases so holding and take our stand with the Kentucky court that the test is the unconditional nature of the instrument signed. The two views are entirely different and inconsistent. Both cannot be logically followed by the same court.

Personally, I think the Kentucky rule is as good as the federal rule and I could readily subscribe to its adoption, but the obstacle of prior decisions should be first removed.

For the reasons given, I respectfully dissent.