Franklin L. BURNS, Jack D. Egloff, Glenn W. Justice, James A. Justice, John D. Murchison, Frank A. Rees, E. Gordon Smith and Jack C. Vaughn, Trustees of Justice Mortgage Investors, a Massachusetts unincorporated business trust, Appellees,

v.

Ronald G. FERGUSON and Delores J. Ferguson, Appellants,

and

Cavalier Enterprises, Inc. (formerly Cavalier Construction Company), an Oklahoma Corporation, Uniworld Management Corporation, a Virginia Corporation, Bill W. Mash and LaQuitta D. Mash, Marvin D. Donalson and Mildred I. Donalson, Scott T. Muse, Jr. and Lesta L. Muse, Defendants.

No. 49442.

Court of Appeals of Oklahoma, Division 2.

Dec. 6, 1977.

Rehearing Denied Jan. 11, 1978.

Certiorari Denied March 1, 1978.

Released for Publication by Order of Court of Appeals March 2, 1978.

James R. Waldo and Steven L. Barghols, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellees.

David S. Eldridge and W. Davidson Pardue, Jr., Oklahoma City, Charles W. Jennings, Lawton, for appellants.

BRIGHTMIRE, Presiding Judge.

The issue presented in this lawsuit against two alleged guarantors of a note is whether the guaranty instrument they executed was complete when they signed it or merely an offer which was never accepted by the guarantee? The trial court held that it was complete upon execution and the executor appeals. We reverse.

I

The guaranty in question came about as an incident to the construction funding of a million and a half dollar office building in Oklahoma City, Oklahoma. Plaintiff, Justice Mortgage Investors, a trust, made a $1,700,000 construction loan to Cavalier Construction Company in April 1972 and as security took a first mortgage on the new facility. Eventually, the loan balance was reduced to $100,000 and, to facilitate consummation of permanent financing, Cava-

lier asked Justice to release its first mortgage and to accept instead—as security for the unpaid balance—assignment of a note executed by Uniworld Management Corporation to Great Plains Realty and Development Company, secured by a mortgage on certain property in Lawton, Oklahoma. It was to assure payment of this note that the controversial guaranty in question was executed by several people including the defending Fergusons.

It came to pass, of course, that Uniworld defaulted on its note precipitating this action to foreclose a securing mortgage (without, incidentally, designating which one) and to obtain a deficiency judgment against the executors of the guaranty instrument.

## II

As defenses, the Fergusons—who admitted signing the guaranty agreement—alleged in their answer that there was no consideration given for their signatures, and then later, during post-trial argument in support of their demurrer to Justice's evidence, contended that what they signed was merely an offer which, for want of an acceptance by Justice, never ripened into an "absolute" or completed contract.

At trial Justice placed the executed guaranty contract in evidence which recited in pertinent part:

"THEREFORE, *to induce you to release the Justice Mortgage* [securing the Cavalier note], the undersigned guaranty the payment of the [Uniworld] Note . . in consideration thereof, and in consideration of the benefits to accrue to the undersigned therefrom, the undersigned hereby jointly and severally guarantee to you the prompt payment at maturity . . . of said indebtedness . . ..
"This is an absolute and continuing guaranty of payment in any event and shall not terminate until you have been paid in full . . .." (emphasis added)

and after proving default of the Uniworld obligation, rested.

The Fergusons demurred to Justice's evidence as being insufficient to warrant recovery against them because of, among other things, a failure to prove that it accepted the Fergusons' guaranty offer by releasing the Justice mortgage. In rejecting the Fergusons' demurrer the trial court held that the guaranty was complete and it was unnecessary for Justice to prove release of its Cavalier mortgage.

## III

The Fergusons rely upon the holding of *T. & H. Smith & Co. v. Thesmann*, 20 Okl. 133, 93 P. 977 (1908) as a foundation for their contention that the high tribunal of this state has determined the legal effect of the "to induce" recital in the foregoing quote to be that it bestows on the guaranty instrument the status of "an offer or proposal [of guaranty]," which, until appropriately accepted by the offeree, remains unenforceable against the offeror. An appropriate acceptance in this case, continue the Fergusons, would have been accomplished by releasing the Justice mortgage. Therefore, they conclude, since Justice did not prove such acceptance, its evidence disclosed only an offer of guaranty which was insufficient for any recovery.

According to Justice, however, the Fergusons' argument is refuted by certain definitive language that follows the "to induce" statement, viz., "This is an absolute and continuing guaranty . . .." Moreover, says Justice, if the instrument is ambiguous then the "to induce" words should be construed as promissory in nature as distinguished from words of condition, and, in any event, construed against the guarantors. Furthermore, with regard to *Thesmann*, Justice says that case is factually distinguishable in that, unlike here, "any liability which might have been incurred" by the prospective guarantor "in executing the guaranty agreement was totally and completely contingent in nature . . . [because] there was no certainty whatsoever that the purchase order would ever be accepted by the [potential promissee]." Nor, concludes Justice, was there an exchange of promises in *Thesmann* like there was between the parties to this action.

The trouble with the Justice thesis is that neither the material facts of *Thesmann* nor of this case will accommodate the distinctions proposed.

The language crucial to the *Thesmann* result seems even more strongly positive (going so far as to recite "For value received") than what we have here and reads:

> "For value received and for the purpose of inducing T. & H. Smith Co. to approve of this contract, I hereby guarantee to said T. & H. Smith Co., the payment in lawful money of all claims arising and of any notes taken under within contract . . . .."

Justice's first suggested distinction—that *Thesmann* in fact involves the making of an offer in that the guaranty there was of a nonexisting contract because of a pre-contract contingency, namely, home office approval of an order while here the Fergusons' guaranty was based upon an exchange of promises which created an existing contract—is not only untenable, but, we think, demonstrates dramatically a flagrant flaw in Justice's proof. In *Thesmann* the express motivation for the guaranty agreement was a request for T. & H. Smith & Co. to approve the sales contract which was to form the foundation for the guaranty. Similarly here the express motivation for the guaranty agreement was a desire for Justice's release of its first mortgage which, for all we know, may very well have also been the catalystic consideration for an agreement between Justice and Cavalier out of which arose need for the Ferguson guaranty. Although under the particular facts of *Thesmann* it happened that there was nothing for the guaranty to operate on until fulfillment of the inducing act—whereas here there was an existing mortgage upon which the guaranty could operate—we do not consider this the basis for the *Thesmann* result and therefore not a material distinction. In *Thesmann* the guaranty was executed with naught but hope that the sales contract would be approved (which, incidentally, it was six days later). And paralleling that feature the guaranty here was also signed with merely a hope that the first mortgage would be released (which, by the way, was apparently never done). Contrary to what Justice says, there is no evidence in the record of an exchange of promises between the Fergusons and Justice. As we mentioned earlier, we think it significant that while Justice refers to both the Cavalier and Uniworld mortgages in the body of its petition filed in this case, its prayer for mortgage foreclosure does not specify which mortgage it seeks to foreclose.

We might point out that, under all the circumstances, it appears to us that regardless of how tenuous the interpretive efforts of *Thesmann* might be,[1] the consequence of applying its rationale to the facts of this case does not operate to impose an injustice on Justice because if it did not release its first mortgage then it hardly seems fair that it should benefit from a commitment predicated solely on such a release.

We hold, therefore, that the document in question was but an offer of guaranty to Justice which by its terms bore the potential of ripening into an "absolute and continuing guaranty" upon being accepted by Justice's release of its first mortgage on the Oklahoma City office building.[2]

Inasmuch as Justice failed to prove its acceptance of the Fergusons' guaranty offer the demurrer to its evidence should have been sustained. The judgment below is therefore reversed and the cause is remanded with the direction to grant appellants a new trial.

NEPTUNE, J., concurs.

---

1. We entertain some doubt about the propriety of the *Thesmann* doctrine governing guaranty transactions today. Certainly as Justice Busby concluded in his dissenting opinion in *Abbott v. National Bank of Commerce*, 176 Okl. 629, 56 P.2d 886 (1936), there is a lack of clarity, if not uniformity, of decisions in this area of the law and the Oklahoma Supreme Court should undertake to correct the situation.

2. We have intentionally omitted mention of the notice requirement of 15 O.S.1971 § 336 because the instrument provides that the Fergusons "waive notice of acceptance hereof"—a provision, it can be observed, which also strongly suggests the parties intended that the instrument be only an offer.

BACON, Judge (dissenting).

The majority opinion concludes the instrument in question was merely an "offer of guaranty" as opposed to a "completed contract of guaranty."

The conclusion reached in the majority opinion is based on *T. & H. Smith & Co. v. Thesmann*, 20 Okl. 133, 93 P. 977 (1908) wherein the court held the instrument was an "offer of guaranty." I am of the opinion the instrument in the present case is a completed contract of guaranty even under *Thesmann, supra.*

In *Thesmann*, a merchant sent an order for certain goods to be shipped to him. The merchant had his brother execute a "guaranty" on the same order whereby the brother guaranteed payment of the goods. The court in *Thesmann* rightfully held such was merely an offer of guaranty and because no notice of acceptance of the order was sent to the "guarantor," the "guarantor" was not liable.

The *Thesmann* court in distinguishing an offer of guaranty as opposed to a completed contract of guaranty said:

"It is a settled rule of law of the Supreme Court of the United States that, before a guarantor is bound by any offer of guaranty, the guarantee must have accepted the offer of guaranty, and the guarantor received notice of such acceptance; and the same rule prevails in nearly all of the state courts. There is no little confusion and what appears to be contradiction in the decisions of many of the state courts, but most of this confusion, and what appears to be conflict of authorities, result from the courts construing very similar instruments in some cases to be offers of guaranty and in other instances as being absolute guaranties, or completed guaranty contracts. The Supreme Court of the United States, in construing an instrument similar to the alleged guaranty in this case, in the case of *Davis Sewing Machine Co. v. Richards*, 115 U.S. 524, 6 S.Ct. 173, 29 L.Ed. 480, summed up the rules of law governing that court as follows: 'A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract; but if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract.' "

It seems to me from the above-quoted language that if the contract is made with (a) mutual assent and (b) is delivered, the contract of guaranty is completed. The above language in *Thesmann* quoting from *Davis S. M. Co. v. Richards*, 115 U.S. 524, 6 S.Ct. 173, 29 L.Ed. 480 (1885) says mutual assent is proven when "receipt . . . of a valuable consideration, however small, is acknowledged in the guaranty . . ." and if the instrument is delivered, a contract of guaranty is complete. In the present case the contract provides "the undersigned guaranty the payment . . . in consideration thereof, and in consideration of the benefits to accrue to the undersigned therefrom . . . ." Additionally the instrument was delivered. It seems to me at this point a contract of guaranty was completed under *Thesmann, supra*, and *Davis S. M. Co., supra*.

The majority opinion places great weight on the language "to induce you to release" and makes this language the equivalent of a condition precedent to the guaranty becoming binding, as was the case in *Thesmann*. However, as I view the facts of *Thesmann* with the facts of this case, in *Thesmann* the parties were purchasing goods and the guaranty was conditioned upon the goods being sold or notice of acceptance being given to the guarantor. In

the present case, I feel the language "to induce you to release" was not tantamount to words of condition but was merely a recitation as to the purpose for which the guaranty was given. Additionally, I believe the contract in the present case was a completed contract of guaranty because the contract itself says that it ". . . is an absolute and continuing guaranty of payment in any event . . . ."

Inasmuch as I am of the opinion the contract was a completed contract of guaranty, Justice would not have the burden to prove the Justice mortgage was released to recover on the contract.

Failure to release the Justice mortgage might amount to a failure of consideration of the guaranty contract, but such is defensive in nature to be proved by defendants when they present their case.

I am therefore of the opinion that when Justice introduced the contract of guaranty in its case in chief it met its burden of proof and the trial court correctly overruled defendants' demurrer to Justice's evidence.

I would affirm.