Argued February 5, reversed February 23, rehearing denied March 30, 1915.

## ROTHCHILD BROS. *v.* LOMAX.*

(146 Pac. 479.)

**Guaranty—Pleading—Acceptance and Notice.**

1. The complaint merely showing that defendant wrote plaintiff a letter stating, "I hereby agree to stand as surety for W. to you on any credit which you may extend to him not exceeding * * $500, and hereby guarantee the payment of such account to that amount," and that thereafter plaintiff sold and delivered goods to W. at his request, on credit, states no cause of action; the letter, in the absence of more, being but an offer of guaranty, which, to become binding, required acceptance and notice thereof.

[As to necessity for acceptance of guaranty, see note in 39 Am. Dec. 221.]

---

*As to the necessity of notice of acceptance to bind guarantor, see notes in 16 L. R. A. (N. S.) 353; 33 L. R. A. (N. S.) 960, and 48 L. R. A. (N. S.) 198. See, also, note in 29 L. Ed. (U. S.) 480.

REPORTER.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is an action by Rothchild Bros., a corporation, against Leroy Lomax.

It appears by the complaint filed October 10, 1912, that the defendant adressed to the plaintiff, a corporation, the following letter:

"Portland, Or., Feb. 24, 1912.
"Messrs. Rothchild Bros., City—
"Gentlemen: I hereby agree to stand as surety for I. D. Watson to you on any credit which you may extend to him not exceeding the sum of $500, and hereby guarantee the payment of such account to that amount.
"LEROY LOMAX."

It is then stated, in substance, that afterward, between February 25, 1912, and May 6th of the same year, the plaintiff sold and delivered to Watson, at the latter's request, upon credit, certain liquors to the amount of $976.63, $500 of which credit was extended to the purchaser solely on the faith and consideration of the suretyship and guaranty contained in the quoted communication. It is said that Watson has not paid any of the amount except $168.70, leaving a balance of $807.93 due ever since June 15, 1912. The complaint avers "that said I. D. Watson is insolvent and unable to pay anything whatever, and has been in such condition for more than three months last past," and alleges frequent demands upon him and his refusal to pay the amount. The plaintiff's initial pleading concludes with an allegation to the purport that during the past two months the plaintiff has repeatedly demanded of defendant the payment of $500, which the latter has refused. A general demurrer to the complaint appears in the abstract, but it is not disclosed what decision was rendered upon it. The answer consists wholly of a

general denial of every allegation in the complaint. The defendant appeals from an adverse judgment.

REVERSED.   REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Wilson & Neal,* with an oral argument by *Mr. Oscar A. Neal.*

For respondent there was a brief with an oral argument by *Mr. Julius Silverstone.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Several questions were presented at the argument, only one of which we find it necessary to consider, and that depends upon the sufficiency of the complaint. It does not appear that the plaintiff requested the execution of the instrument embodied in the letter addressed to it. Neither is it disclosed that the plaintiff advanced or agreed to pay to the defendant any consideration for the obligation sought to be enforced. A fair construction of the complaint and of the writing itself leads to the conclusion that the goods were sold directly to Watson upon his individual liability, and that the engagement of the defendant, if any, was collateral to that of Watson. Nothing appears anywhere obliging the plaintiff to do anything by reason of the defendant's writing quoted above. Under these circumstances, the letter is at best but a mere offer by the defendant to assume a contractual relation with the plaintiff. As said in *Saint* v. *Wheeler & Wilson Mfg. Co.,* 95 Ala. 362 (10 South. 539, 36 Am. St. Rep. 210):

"The undertaking of guaranty in a case like this is primarily an offer, and does not become a binding obligation until it is accepted, and notice of acceptance has been given to the guarantor. Till this has been done,

it cannot be said that there has been that meeting of the minds of the parties which is essential to all contracts.''

The rule is thus concisely laid down by Mr. Justice GRAY in *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524, 527 (29 L. Ed. 480, 6 Sup. Ct. Rep. 173, 175.)

''A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them, except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract.''

After construing the contract there in question the learned jurist closes his opinion with this language:

''The guarantors had no notice that their sufficiency had been approved, or that their guaranty had been accepted, or even that the original contract had been executed or assented to by the plaintiff, until long afterward, when payment was demanded of them for goods supplied by the plaintiff to the principal debtor.''

Under the principles thus laid down, the complaint in the instant case fails to state a cause of action against the defendant. It goes no further than to declare an offer by the defendant without disclosing whether it was ever accepted or not, or, if accepted, whether notice of the same was imparted to the defend-

ant.   Hence there is wanting the mutuality necessary to support any valid contract.

The question of whether the instrument is valid under our statute of frauds, which is more stringent than that of any other state to which our attention has been directed, is reserved and not here decided.

For the reason given, however, the judgment is reversed and the cause remanded for further proceedings.    REVERSED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.