RENNIE *v.* STELTER.

1. PARTNERSHIP—NAMES—ASSUMED NAME—FICTITIOUS NAME—STATUTES.

Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354, *et seq.*), relating to the filing of certificates of copartnership, and providing that any copartnership that has filed the certificate required by Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), relating to the filing of certificates by those doing business under an assumed

name shall not be required to file the certificate therein required, did not repeal the 1907 act.

2. SAME—STATUTES.
  A certificate filed in compliance with Act No. 101, Pub. Acts 1907, is a compliance with the essential provisions of Act No. 164, Pub. Acts 1913.

Error to Wayne; Withey, J., presiding. Submitted April 3, 1917. (Docket No. 6.) Decided May 31, 1917.

Assumpsit by Stanley M. Rennie and others, co-partners as the Rennie Coal & Supply Company, against Julius Stelter and another, doing business as J. Stelter & Son, for goods sold and delivered. Judgment for defendants. Plaintiffs bring error. Reversed.

*Albert E. Sherman,* for appellants.

*Charles A. Lorenzo,* for appellees.

MOORE, J. This cause was commenced on the 20th day of November, 1915, before a justice of the peace in Detroit. From a judgment in favor of the plaintiffs, the case was appealed to the circuit court, where a verdict was directed for the defendants. The case is in this court by writ of error.

June 17, 1914, a certificate was filed with the county clerk reading as follows:

"Certificate—Conducting Business Under
an Assumed Name.
"State of Michigan, County of Wayne—ss.:
  "We, the undersigned, Stanley Mitchell Rennie, do hereby certify, in pursuance of Act No. 101 of the Public Acts of the State of Michigan, 1907, Stanley Mitchell Rennie and (1) Clayton William Rennie, William Simpson Rennie (2) now (intended) conduct and transact business in the village of Oakwood, Michigan, under the name and style of Rennie Coal & Supply Co.
  "Business address, Navarre P. O., Oakwood, Michigan.

"And we do further certify that the true and full name of the persons (2) who now (who intend to) conduct and transact the same together with the post office addresses of said persons, are as follows, viz.:

| Name. | Residence Address. | City, Town. |
|---|---|---|
| Stanley Mitchell Rennie. | Oakwood. | Michigan. |
| Clayton William Rennie. | " | " |
| William Simpson Rennie. | " | " |

"In witness whereof we have this 17th day of June, A. D. 1914, made and signed this certificate.
                    "STANLEY M. RENNIE.
          [Back of Certificate.]
"State of Michigan, County of Wayne—ss.:
"On this 17th day of June in the year one thousand nine hundred and fourteen, before me, the subscriber, personally appeared Stanley Mitchell Rennie, to me personally known to be the same person described in and who executed the foregoing instrument, and he has acknowledged to me that he executed the same.
                    "GEO. HUMBERT,
"County Clerk's Office, Detroit, Michigan.
"My commission expires Jan. 19, 1917."

This suit was brought to recover for building materials furnished defendants between July 5, 1915, and September 30, 1915.

The circuit judge very early in the case raised the question whether plaintiffs had filed the proper certificate to entitle them to sue, and in response to an inquiry from the judge counsel for defendant moved to dismiss the case. The judge granted the motion, for the reason that plaintiff had nőt filed a certificate under Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, §§ 6354-6359). It is to be regretted that no testimony was taken, as it might be helpful to know more about the manner of conducting the business, the personnel of those who conducted it, and what knowledge defendants possessed of those things. It is clear that plaintiffs endeavored to comply with the provisions of the statute. They did comply with the provisions of

Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, §§ 6349-6353), and if the names of Stanley Mitchell Rennie, Clayton William Rennie, and William Simpson Rennie were attached to the certificate by their authority, there was a compliance with the essential provisions of the act of 1913. The last-named act contains the following:

"*Provided,* That any copartnership that has filed the certificate required by Act No. 101 of the Public Acts of 1907, shall not be required to file the certificate herein provided for."

The later act does not repeal the act of 1907. In construing the last-named act, Justice STEERE, speaking for the court in *Sauer* v. *Construction Co.,* 179 Mich. 618 (146 N. W. 422), said:

"It is urged upon these undisputed facts plaintiffs are barred from recovery, under *Cashin* v. *Pliter,* 168 Mich. 386 (134 N.W. 482, Am. & Eng. Ann. Cas. 1913C, 697). As pointed out in that case, the manifest object of said Act No. 101 is to protect the public against imposition and fraud, greater opportunity for which is afforded to parties who, choosing not to do business in their own names, conceal their identity and avoid legal responsibility by dealing with the public under a false and fictitious name, which furnishes no clue to who the real and responsible parties are. Such was the name assumed by plaintiffs in the *Cashin Case;* no name of any one connected with the concern being even suggested, but a fanciful, pretended, and fictitious name assumed. Construing this statute with the evil sought to be corrected in mind, the courts have inclined to the view that a firm name, which gives the true names, or surnames, of its members, is not assumed or fictitious, within the meaning of such a statute, even though the baptismal name of each member may not be stated. *Axe* v. *Tolbert,* 179 Mich. 556 (146 N. W. 418), and cases there cited. In the case before us the identity of C. A. Sauer, the head of the firm, is directly pointed out by the firm name; both members of the firm are named Sauer; a certificate then filed under the statute gave their names in full. It is true that it also gave the

name of a brother, who, when this contract was made, had retired from the firm, and who by reason of that certificate might possibly be yet held responsible, but the firm business as an entirety was continued as before, with no new members, with the same head, in the same name, and occupying the same offices. Under the circumstances shown, we do not find that plaintiffs are barred from their right of action, under this objection."

If we apply this reasoning to the instant case, we will find that what was done accomplished the purpose of the statute. See, also, *Missaukee Farm & Investment Co.* v. *Ferris*, 193 Mich. 286 (159 N. W. 490), and the cases cited therein. We think, upon this record, the court erred in directing a verdict for the defendants.

The case is reversed, and a new trial ordered, with costs to the plaintiffs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.