Argued March 31, affirmed May 11, 1920.

# PIONEER SHOW & COMMERCIAL PRINTING CO. *v.* ZETOSH.

(189 Pac. 644.)

**Frauds, Statute of—Memorandum of Guaranty not Expressing Consideration Void.**

1. A memorandum guaranteeing a printing company against loss for printing done for a named corporation, which does not express the consideration, either by express terms or so as to indicate that the particular consideration, and· no other, was that upon which

the contract was given, is insufficient, and the contract is void under Section 808, subdivision 2, L. O. L.

[As to the necessity for statement of consideration in contract within statute of frauds other than contract to answer for debt of another, see note in Ann. Cas. 1918A, 134.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

The Pioneer Show and Commercial Printing Company, a corporation, is attempting to recover from the defendants the sum of $775. The action is based upon the following writing:

"Walter Reed, President; Sidney Zetosh, Secretary-Treasurer; Lee Riley, Advance Representative; Milton W. Seaman, Manager.

"September 12, 1917.

"To Pioneer Printing Company,
"Seattle, Washington.

"WE, THE UNDERSIGNED, do hereby guarantee The Pioneer Printing Company of Seattle against loss for printing done for the Western Producing Company (Inc.) to the sum of Seven Hundred Seventy-five dollars ($775.00) for THE OLD HOMESTEAD.

"Signed:
"SIDNEY ZETOSH.
"MILTON W. SEAMAN,
"WALTER REED.
"C. V. EVERETT."

There was an involuntary judgment of nonsuit; and the plaintiff appealed. AFFIRMED.

For appellant there was a brief over the names of *Mr. Alfred P. Dobson* and *Mr. Cassius E. Gates* (Seattle, Washington), with an oral argument by *Mr. Dobson.*

For respondent there was a brief and an oral argument by *Mr. John J. Fitzgerald.*

HARRIS, J.—1. The Code, Section 808, subd. 2, L. O. L., provides that an agreement to answer for the debt, default or miscarriage of another is void, unless the same or some note or memorandum thereof, expressing the consideration, be in writing. The trial court ruled that the instrument signed by the defendants did not express the consideration as required by the statute, and the only question for decision is whether that ruling was correct.

In all jurisdictions where, either by force of statute or by judicial decision, the consideration must be expressed, the rule, following the formula in *Hawes* v. *Armstrong*, 1 Bing. N. C. 761 (27 E. C. L. 575), is that the consideration is expressed, if it appears in express terms or if the memorandum is so framed that any person of ordinary capacity must infer from the perusal of it that such, and no other, was the consideration upon which the undertaking was given: *The Oregon Home Builders* v. *Crowley*, 87 Or. 517, 532 (170 Pac. 718, 171 Pac. 214). A mere conjecture, however plausible, that the consideration stated in the complaint was that intended by the memorandum, is not sufficient to satisfy the statute; but, as ruled in *Hawes* v. *Armstrong*:

"There must be a well-grounded inference, to be necessarily collected from the terms of the memorandum, that the consideration stated in the declaration, and no other than such consideration, was intended by the parties to be the ground of the promise."

The complaint states that the future creation and furnishing of printed display advertising, cards, heralds and sheets to the Western Producing Company, a corporation, for use in advertising a theatrical performance, was the consideration; but that does not appear, either expressly or by necessary

implication, on the face of the writing. At least two, and possibly more, considerations might be suggested, and it would be mere conjecture which was the one intended by the parties. *Price* v. *Richardson,* 15 Mees. & W. 539, is a precedent quite in point. The judgment is affirmed.     AFFIRMED.

McBRIDE, C. J., and BENSON and BEAN, JJ., concur.