Argued March 21, 1930; modified February 3, 1931

# VANCOUVER NATIONAL BANK *v.*
# McCREDIE ET AL.
### (295 P. 452)

*Charles W. Hall* of Vancouver, Wash., (McMaster, Hall and Schaefer of Vancouver, Wash., and Coan & Rosenberg, of Portland, on the brief) for appellant.

*W. W. McCredie,* of Portland (McCredie & Wigfall, of Portland, on the brief) for respondents W. W. McCredie, J. R. Harvey, Hugh McCredie, Jr., and Alice H. McCredie.

*Elton Watkins,* of Portland (Johnston Wilson, of Portland, on the brief) for respondent W. H. McCredie.

ROSSMAN, J. It seems to us that the outcome of this appeal depends principally upon a determination of issues of fact. The defendants W. W. McCredie and J. R. Harvey were officers of a corporation entitled the Woodland Lumber Company, which in May of 1926 desired to establish sufficient credit with the plaintiff to enable it to borrow in the immediate future $15,000, to be used in the completion of its mill. The findings of fact of the circuit court recite that May 20, 1926, W. W. McCredie prepared the instrument of guaranty and that he, together with the other five defendants, signed it. This instrument states that in consideration of loans to be made to the lumber company by the plain-

tiff the obligors guaranteed the payment of the corporation's notes in a sum not exceeding $15,000, exclusive of interest and attorney's fees. The findings further recite that the defendants W. W. McCredie and J. R. Harvey "as officers and agents of Woodland Lumber Company tendered this instrument to the plaintiff and that the plaintiff accepted said guaranty to the amount of $10,000 and agreed to loan such amount upon the same together with such additional security as it might obtain." Another paragraph of the findings recites: "Neither defendant Hugh McCredie nor defendant W. H. McCredie was ever at any time informed by plaintiff or any one else of the acceptance by plaintiff of the written guaranty as modified, or of any acceptance at all." The additional security above mentioned consisted of some bank stock and a half interest in some real property owned by the defendant Alice McCredie. The value of the two exceeded $10,000. The transfer of the bank stock to the plaintiff and the conveyance to it of the half interest in the real property by Alice McCredie was made pursuant to a further agreement between the latter and the bank which stated the circumstances and made provision for the return of the security upon the discharge of the debt. Thereafter the plaintiff accepted two promissory notes of the Woodland Lumber Company, each in the sum of $5,000, and loaned to it those sums of money. Later Mrs. McCredie paid to the bank the sum of $5,000 and received the return of her bank stock. Still later her real property was reconveyed to her. After the lumber company had obtained from the plaintiff the two sums of $5,000 it borrowed other sums aggregating approximately $10,000 from other sources. With the money thus secured it completed the equipment of its sawmill and then proceeded with the manu-

facture of lumber. When its mill was in operation it effected an arrangement with the plaintiff whereby the bank advanced to it 80 per cent of all invoices representing lumber manufactured by the lumber company and placed upon a dock ready for shipment. Before the advance was made, however, the lumber company assigned the invoice to the plaintiff and executed a chattel mortgage in which the bank was made the mortgagee. Twenty-seven of such invoice notes were executed and all had not been paid when this action was instituted. There now remains due to the plaintiff $16,128.33.

■■ The respondents, Hugh and W. H. McCredie, were not present when the offer of guaranty was presented to the plaintiff by W. W. McCredie. It will be observed from the circuit court's findings that W. W. McCredie and J. R. Harvey tendered this document to the plaintiff ''as officers and agents of the Woodland Lumber Company'' as distinguished from agents for the other prospective obligors. Substantial evidence supports the finding. It will also be observed that neither Hugh nor W. H. McCredie had any information of the acceptance of the offer. It is agreed that they executed the instrument as volunteers without being paid any consideration whatever, and that the instrument was not a requested guaranty. It follows from our holdings in *Balfour, Guthrie & Co. v. Knight*, 86 Or. 165 (167 P. 484), and *Rothchild Bros. v. Lomax*, 75 Or. 395 (146 P. 479), that a notice of acceptance was necessary before a contract of guaranty was effected which bound Hugh and W. H. McCredie. The holding in *Balfour, Guthrie Co. v. Knight,* supra, also makes it clear that since W. W. McCredie and J. R. Harvey presented the offer on behalf of the principal the knowledge of the latter that the guarantee elected to accept the offer was not a communication of that fact to Hugh and Walter

McCredie. The above premises demand that the judgment of the circuit court dismissing the cause as to these two defendants must be affirmed.

There remains for disposition the contention that the circuit court erred when it limited the recovery to $6,666.67. This sum was determined in the following manner. The court was of opinion that the negotiations which followed the presentation of the guaranty offer limited the effect of that instrument to $10,000, and that since the contract never became effective as to more than four of the proposed guarantors the four were bound to pay only two-thirds of the sum of $10,000. We are also of the opinion that the circuit court's findings indicate that the plaintiff loaned to the lumber company no more than $10,000 in reliance upon the guaranty contract. It will be observed from the finding of fact already mentioned that the circuit court found that the "plaintiff accepted said guaranty to the amount of $10,000." The plaintiff contends that this conclusion is in error; nevertheless substantial testimony supports it. The plaintiff also contends that the parol evidence rule precludes such a finding. Without passing upon the latter contention we believe that the evidence clearly indicates that the parties assumed that the instrument of guaranty was limited to $10,000, with the result that the plaintiff loaned to the lumber company no more than that sum in reliance upon the guaranty. It is true that the lumber company borrowed other sums from the bank but these loans were not made until after the original credit of $10,000 had been exhausted, sums had been obtained from other parties, the mill was in operation, and a new agreement had been effected to secure the new loans. This agreement is thus described in the findings of the circuit court:

"That prior to January 11, 1927, Woodland Lumber Company began the operation of its mill and made

arrangements with plaintiff whereby said lumber company would set over and assign over to plaintiff its invoices for lumber sold, together with chattel mortgages on said lumber, and plaintiff would advance to said lumber company eighty per cent of the face values of said invoices, and plaintiff would collect said invoices, pay itself the principal and interest on the note secured thereby and place the balance to the credit of Woodland Lumber Company; * * *''

The plaintiff seems to believe that these invoice loans were also secured by the contract of guaranty but we are persuaded otherwise. The evidence and the findings of the circuit court indicate that the invoice loans were secured by lumber in the process of shipment to the mill company's customers. The fact that the plaintiff released to Alice McCredie on July 11, 1927, the bank stock when the invoice loans approximated $20,000 and reconveyed the realty on February 1, 1928, when there still remained a substantial balance due to the plaintiff upon the invoice loans is a circumstance which is persuasive. We realize the fact that the findings of the circuit court do not expressly state that the invoice loans were not made in reliance upon the guaranty contract, but nevertheless believe that their necessary effect precludes a conclusion to the opposite effect.

It follows from the foregoing that in our opinion the judgment of the circuit court, which limits recovery to $6,666.67 principal, together with $600 attorney's fees, was without error. We believe, however, that the plaintiff is entitled to the allowance of the interest mentioned in the contract of guaranty. The judgment of the lower court is modified by adding interest.

BEAN, C. J., BELT, BROWN, RAND, KELLY and CAMPBELL, JJ., concur.