Argued October 10; affirmed October 23, 1934

## PUBLIC FIRE INSURANCE CO. *v.* WEATHERLY

(36 P. (2d) 989)

*Earl F. Bernard,* of Portland (Collier, Collier & Bernard, of Portland, on the brief), for appellant.

*Milton R. Klepper,* of Portland (Robert W. Gilley, of Portland, on the brief), for respondent.

KELLY, J. The complaint alleges two causes of action, each upon a written guaranty. The bill of exceptions discloses an admission by plaintiff at the trial that $4,000 belonging to defendant had come into plaintiff's possession and had been applied in part upon each of the guaranties upon which the complaint is based and also upon a third guaranty not mentioned in said complaint.

The bill of exceptions also shows that at the trial it was stipulated that if any of said alleged guaranties were not legally binding on the defendant, the credit or credits so applied to any such guaranty would and should be applied as a credit on any of said guaranties which are legally binding on defendant.

It is urged that neither of said guaranties expresses the consideration and, therefore, under the provisions of the statute of frauds (Section 9-909, Oregon Code 1930), requiring a note or memorandum expressing the consideration in case of an agreement to answer for the debt, default or miscarriage of another (Subdiv. 2 ibid.), the alleged guaranties are void.

In the chronological order of their execution, these guaranties are as follows:

"Portland, Ore.
June 13, 1931.

"James W. Knox, Vice-President,
    General Manager,
        Great Lakes Ins. Company,
            Insurance Exchange Building,
                Chicago, Illinois.

Dear Sir:

I hereby guarantee, until revoked by me, the payment of the balances due and to become due your com-

pany from Jones-Weatherly & Co., your Portland Agency, from and after May 1, 1931, at the times as set out in your agreement with them.

Yours very truly,

G. W. Weatherly.''

"Portland, Ore.
June 27, 1931.

"James W. Knox, Vice-President
and General Manager,
Great Lakes Insurance Company,
Insurance Exchange Building,
Chicago, Illinois.

Dear Sir:

In connection with balances due your corporation by Jones-Weatherly & Co., your Portland agents, for the month of December, 1930, and the months of January, February and March and April, 1931, I hereby guarantee full payment of these balances within a period of two years from date, one-half of the total balance to be paid within twelve months from date and the remaining one-half within twenty-four months from date.

It is understood and agreed that all return premiums for insurance written prior to May 1, 1931, and all contingent earnings are to apply upon such balances.

Please sign the acceptance upon the duplicate original letter enclosed herewith.

Yours truly,

G. W. Weatherly.

Subscribed and sworn to before me this 27th day of June, 1931.

C. K. Crandall,
Notary Public for Oregon.

L. S.     My commission expires Sept. 23, 1933.''

"March 10, 1932.

"Public Fire Insurance Co.,
    Newark, New Jersey.

Gentlemen:

I hereby guarantee, until revoked by me, payment of the balances to become due for business contracted on and after March 1, 1932, to your company from Jones-Weatherly & Co., your general agent for the State of Oregon, at the times as set forth in your agreement, and all the net premiums to be paid to your company according to monthly account current within 75 days from the close of such month.

Please acknowledge receipt of this letter.

                    Yours very truly,
    W/V                    G. W. Weatherly."

This agreement mentioned in the letter last above quoted contains the following provision:

"Ninth. This Contract may be terminated at any time by either party giving the other thirty (30) days notice in writing, at the expiration of which time this Contract shall cease and determine. It being, however, distinctly understood and agreed that the said General Agents shall, upon request of said Company, immediately discontinue writing any policies for said Company and committing said Company on any risks either directly or indirectly.

"In the event of such termination and after the expiration of the time named in said notice, all property and vouchers in the hands of said General Agents, relating to the business of the Company shall be turned over to said Company, and there shall be a complete adjustment and settlement of all matters between the parties hereto growing out of this Agreement, upon the basis of its terms and conditions, and any balances due from either party to the other shall thereupon be paid, excepting as hereinbefore provided as to the Contingent Commission."

Both parties hereto recognize that, in order to take a contract of guaranty out of the statute of frauds, the statement of the consideration need not be specific; but the consideration must appear with reasonable clearness from the entire contract.

Defendant insists that in the letters above set out, and particularly in the letter dated June 27, 1931, the consideration does not appear with reasonable clearness, nor can it be reasonably inferred from anything therein stated.

■ We are of the opinion that forbearance in the collection of the balances mentioned in the letter of June 27, 1931, is necessarily to be inferred to be the consideration for the guaranty therein expressed.

■ Likewise, a continuance of business with and the further extension of a specific character of credit to Jones-Weatherly & Company under the agreement of agency therein mentioned constitutes the consideration plainly indicated in the letters of June 13, 1931, and March 10, 1932.

In the case of *Oregon Home Builders v. Crowley,* 87 Or. 517 (170 P. 718, 171 P. 214), the instrument of guaranty did not in exact terms designate that the services to be performed by the realty broker were the consideration for the guaranty, but necessary inference derived from reference in the writing to such services and the purpose of the instrument rendered the guaranty conformable to the provision of the statute in question.

The instrument relied upon in the case of *Pioneer Show & Commercial Printing Co. v. Zetosh,* 96 Or. 194 (189 P. 644), purported to be a guaranty "against loss for printing done". The complaint stated that the future creation and furnishing of printed display ad-

vertising, etc., was the consideration. It is plainly manifest that the inference could be drawn from the language that the attempted guaranty was against loss for printing which had been done before the writing was executed. This court held that it was susceptible at least to two constructions. No such ambiguity attends the guaranty in the case at bar.

In the case of *Rothchild Bros. v. Lomax,* 75 Or. 395 (146 P. 479), this court held that the letter purporting to be a guaranty was but an offer and that there was nothing in the record indicating an acceptance by such offer.

■ In the case at bar, the question, whether these letters were merely offers, was not presented to the trial court, and, therefore, is not properly here for review. In the instant case, there were three such letters. In the Rothchild-Lomax case there was but one. The execution by the defendant, in the case at bar, of the last of these three letters implies an acceptance by plaintiff of the former ones. The letters in suit are by their terms unconditional guaranties of the payment of certain balances, each letter covering one of three periods, and the three letters together embracing guaranties of balances in continuous chronological sequence. We are unable to construe them as merely offers to stand as surety generally on some unnamed and unspecified credit.

The judgment of the circuit court is affirmed.

ROSSMAN, J., not sitting.