Argued and submitted January 17, affirmed July 6, 1983

## APOLLO FINANCIAL SERVICES, INC.
*Respondent - Cross-Appellant,*

*v.*

## MERZENICH,
*Appellant - Cross-Respondent.*

(126,100; CA A23969)

666 P2d 292

Dale L. Crandall, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Crothers & Crandall, Salem.

S. Ward Greene, Portland, argued the cause for respondent - cross-appellant. On the brief was Marjorie Anne Speirs and McMenamin, Joseph, Babener, Greene & Perris, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from the judgment requiring that he pay $6,142.85 owed on the account of a business known as Especially Sofas & Loves (ES & L) based on his personal guaranty. He contends that he made only an offer of guaranty and that, without notice that his offer was accepted, there was no binding contract created. We affirm.

Plaintiff's complaint sought to hold defendant liable for the account of ES & L on the basis of alternative claims. The first claim stated an action for goods sold and delivered, alleging that defendant "was an individual doing business as Especially Sofas & Loves." The second claim alleged that defendant was liable for the debt on the basis of his personal guaranty. The case was tried to the court without a jury, which found for plaintiff on the second claim.

An application for credit was filed with William Volker and Company, plaintiff's assignor. That application stated that it was made on behalf of ES & L, a partnership consisting of Jerald Archer, Michael Frith and defendant. The final paragraph of the application stated:

"I/We agree to pay all invoices within the terms as stated on each invoice and if not paid on or before such date, any and all legal service charges may be assessed each month on past due invoices."

The two lines immediately following were signed by defendant and Frith.

Defendant testified that the form was blank when he signed it and that he was not a partner in ES & L. He testified that he had agreed to co-sign a note to facilitate the establishment of the new business but that no agreement had been reached as to how profits and losses would be apportioned. He testified that Archer, Frith and he had considered forming a corporation but that no decision to do so had been made.

Defendant contends that the court found for defendant on the first claim, but the record does not reflect that the trial court made any ruling on the first claim, a not inappropriate result, because the two claims were presented as alternative claims for relief. Defendant assigns error to the trial court's denial of his motion to dismiss plaintiff's second claim,

made on the ground that plaintiff had failed to notify him that his offer of guaranty had been accepted.

The parties agree that the general rule regarding a guaranty contract is that stated in *Balfour, Guthrie & Co. v. Knight,* 86 Or 165, 167 P 484 (1917):

> "A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them, except future advances to be made to the prncipal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract." 86 Or at 171, 172.

Plaintiff, however, relies on *Marshall-Wells Co. v. Tenney et al.,* 118 Or 373, 244 P 84 (1926), in which the court held:

> "It is contended on behalf of each of the defendants that there is no testimony to show that the guaranty was accepted by Marshall-Wells Co. We see no merit in this contention. The letter of credit was executed by Defendants who at that time were all interested in the Multnomah Iron Works, in order to obtain further credit for that concern, and was delivered to Marshall-Wells Co. Under the circumstances of the case, the guaranty appears to have been accepted and acted upon by the parties." 118 Or at 385.

*See also* Annot., 6 ALR3d 415 (1966).

Although the trial court made no findings of fact in this case, there was evidence from which the court could have concluded that, even if defendant is not a partner in ES & L, he has an interest in the business such that he could be held to have been aware that the offer of guaranty was accepted and acted on by the parties. Defendant himself testified that, although Archer, Frith and he had never resolved an arrangement for distributing profits and losses, they had contemplated some sort of participation by the parties, possibly

through formation of a corporation. The trial court could certainly find that defendant had an interest in the business such that it is appropriate to apply *Marshall-Wells Co. v. Tenney et al.,supra,* in concluding that a contract of guaranty was formed between defendant and plaintiff's assignor.

Affirmed.